IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID CRAWFORD, #B-71892, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 4513 |
| DONALD SNYDER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment in its entirety.

## BACKGROUND

Plaintiff David Crawford ("Crawford") is an inmate at Pontiac Correctional Center in Illinois. Crawford alleges that in 2003 while he was in protective custody ("PC") at Stateville Correctional Center ("Stateville") he was denied certain privileges provided to the general inmate population. Crawford complains that he was not able to obtain a prison job, not allowed to participate in religious activities,

1

not allowed adequate access to the prison law library, not allowed to participate in rehabilitation and education programs, and was not allowed to engage in recreation in certain yards at the prison. Crawford brought the instant action pursuant to 42 U.S.C. §1983 ("Section 1983") alleging constitutional violations.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Denial of Access to the Courts Claim

Crawford argues that he was denied adequate access to the law library. A plaintiff must show that he suffered an injury from the denial of access to the court in order to maintain a Section 1983 claim for denial of access. *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998). For a denial of access to the courts claim "a prisoner must show that unjustified acts or conditions 'hindered his efforts to pursue a legal claim.'" *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998)(quoting in part *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Crawford complains that he was not allowed go to the law library when para-legals and law clerks were present.

3

However, nothing requires the prison to furnish law clerks or para-legals to the inmates. Crawford also complains that he was not allowed to go to the law library when a notary was present and was not able to access New Mexico law. However, Crawford acknowledged that he was able to leave documents at the library which would be signed by a notary and returned to him at his cell. (Dep. 55). The evidence also illustrates that Crawford could have requested the new Mexico law from the New Mexico Department of Corrections. In addition, regardless of all of Crawford's allegations concerning restricted access to the law library, Crawford has failed to show how his denial of access to the law library has in any way materially hindered his ability to pursue any legal matters. The evidence is clear that the restrictions on his ability to go to the law library were made for valid security reasons. Therefore, we grant Defendants' motion for summary judgment on the denial of access to the courts claim.

II. Denial of Access to Recreation

Crawford claims that his recreational activities were restricted when he was placed in PC. As the Seventh Circuit recognized in *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996), the "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Id.* at 1432. In *Thomas v. Ramos*, 130 F. 3d 754 (7th Cir. 1997), the Seventh Circuit discussed the conditions of confinement related to

the sufficiency of exercise in prison. *Id.* at 762-64. The court held that there is no Eighth Amendment violation where a prisoner had room in his cell to do push-ups, sit-ups, jogging in place and step-ups. *Id.*

In the instant action, Crawford concedes that he had ample opportunity to exercise. His sole complaint is that he was not able to go to the yard of his choice. Crawford wanted to go to the bigger yard at Stateville because it had better amenities. Such a basis is insufficient to support a claim. Also, the evidence is clear that security concerns for PC inmates and the practical necessities for running Stateville justified the yard allocation at Stateveille. Therefore, we grant Defendants' motion for summary judgment on the denial of recreation claim.

## III. Denial of Access to Prison Job and Classes

Crawford also claims that he was denied the opportunity to participate in a prison job and to attend educational or rehabilitative classes. However, the evidence clearly shows that the limitations on job opportunities for PC inmates were made for justified security reasons and out of a practical necessity in the operation of Stateville.

Also, to the extent that Crawford asserts due process claims based on his denial of access to a prison job or classes, Crawford fails to point to sufficient evidence to support the claims. The limitations of procedural due process "allow[] the government to deprive a citizen of 'life, liberty, or property' only in accordance

with certain procedural protections." *Doe v. City of Lafayette, Ind.*, 377 F.3d 757, 768 (7th Cir. 2004). In order to succeed on a procedural due process claim, a plaintiff must establish that there is: "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004)(quoting *Buttitta v. City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993)).

Crawford fails to point to evidence that would show that he had a liberty or property interest in obtaining a prison job or attending prison rehabilitation or educational classes. Therefore, we grant Defendants' motion for summary judgment on the claims based upon the denial of a prison job and the denial of access to educational and rehabilitative classes.

IV. Denial of Access to Religious Activities

Crawford claims that his religious activities were restricted as a result of being placed in PC. An inmate must be allowed "to practice his religion as long as doing so does not unduly burden the institution." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). A prison regulation that affects an inmate's First Amendment rights "is valid only 'if it is reasonably related to legitimate penological interests.'" *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994)(*Turner v. Safley*, 482 U.S. 78, 89 (1987)). In order for a prisoner to succeed on his claim that a prison has violated his First Amendment right to the free exercise of religion, the prisoner must establish:

"(1) that he espouses a *bona fide* religion, (2) that his beliefs are sincerely held, and (3) that the activity he wishes to perform is essential to the practice of his religion." *Saunders-El v. Tsoulos,* 1 F.Supp.2d 845, 847 (N.D. Ill. 1998).

In the instant action Crawford claims that he is a Pentecostal and that he was not allowed to participate in religious services and get communion. However, Defendants have submitted undisputed evidence that indicates that in PC the prison still provided some services by having chaplains and volunteer clergy go to the living unit. Activities such as Bible study sessions were held in 2003 in the PC unit. Crawford acknowledges that he attended the Bible studies and religious services that were provided. Also, Crawford never made a written request to the Chaplain Department in accordance with the Chaplain's established policy. In addition, the evidence is undisputed that religious activities for the inmates were inhibited at times for legitimate security reasons. Therefore, we grant Defendants' motion for summary judgment on the denial of access to religious activities claim.

V. Equal Protection Claim

Defendants seek summary judgment on the equal protection claim. Defendants also seek summary judgment on the equal protection claim. The Equal Protection Clause provides "to all Americans the right to be free from invidious discrimination in statutory classifications and other governmental activity." *Nabozny v. Podlesny,* 92 F. 3d 446, 453 (7th Cir. 1996) (quoting *Harris v. McRae,*

448 U.S. 297, 322 (1980)). Under the traditional equal protection analysis, if the alleged class is not a suspect class, the court "will address [the plaintiff's] equal protection claim under the familiar rational basis test, . . .[and rule for the defendant] if 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Zambrano v. Reinert*, 291 F.3d 964, 970 (7$^{h}$ Cir. 2002)(quoting in part *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993)).

Crawford claims that the class of PC inmates were discriminated against and treated differently than the general population. However, as explained above, Crawford has failed to identify any evidence that would indicate that there were any significant differences in the treatment of PC inmates and the general population. The undisputed evidence clearly shows that all the measures taken in regards to PC inmates were taken for valid security reasons in order to promote the welfare and protection of the PC inmates such as Crawford. Crawford acknowledges in his complaint that he himself requested that he be placed in PC. (Compl. p. 6). The measures were also a practical necessity that was part of the logistics of operating a large penal institution such as Stateville. Crawford has utterly failed to point to evidence to show that his equal protection rights were violated by the treatment of PC inmates at Stateville. Therefore, we grant Defendants' motion for summary judgment on the equal protection claim.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for summary judgment on all claims.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  January 25, 2005